# NANCY BELLMAN *v.* TOWN OF WEST HARTFORD
## (AC 26082)
## (AC 26431)

DiPentima, McLachlan and Hennessy, Js.

Argued April 17—officially released July 4, 2006

*Kristen Schultze Greene*, with whom, on the brief, was *Michael Feldman*, for the appellant (plaintiff).

*Lisa A. Bunnell*, for the appellant (intervening plaintiff).

*Regen O'Malley*, with whom were *James V. Somers* and, on the brief, *Carl R. Ficks, Jr.*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Nancy Bellman, and the intervening plaintiff, the Young Women's Christian Association of Greater Hartford, each appeal from the judgment rendered following the trial court's granting of two separate motions filed by the defendant, the town of West Hartford. The defendant filed a motion for summary judgment against the plaintiff, claiming lack of subject matter jurisdiction, which the trial court

treated as a motion to dismiss. After the court granted that motion, the defendant filed a motion to dismiss the intervening plaintiff's action, claiming that the derivative action could not be sustained without the underlying cause of action. The court also granted that motion. The plaintiff and the intervening plaintiff filed separate appeals, which were consolidated by this court. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the issues on appeal. At approximately 6:45 a.m. on the morning of January 7, 2002, the plaintiff fell on property located at the Elmwood Community Center in West Hartford. The plaintiff, a day care worker at the community center, was employed by the intervening plaintiff and was on her way to work when she fell. She claimed and received workers' compensation benefits for which the intervening plaintiff seeks reimbursement. The plaintiff commenced this action against the defendant for her injuries, claiming that it owned and was in possession and control of the community center. In her complaint, dated October 18, 2003, she alleged that she slipped and fell on the driveway, and that the defendant was negligent because it allowed snow and ice "to remain in the driveway and walkways of the premises" and failed "to plow and salt or sand the driveway" within a reasonable period of time following a winter storm. The intervening plaintiff filed a motion to intervene, which was granted by the court. Subsequently, the defendant filed a motion for summary judgment against the plaintiff. It claimed that General Statutes § 13a-149,[1] the highway defect statute,

---

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety

was the exclusive remedy for personal injuries resulting from a defective road or bridge and that the plaintiff's failure to comply with the notice requirements in the statute deprived the court of subject matter jurisdiction.

The plaintiff filed a memorandum of law and affidavits in opposition to the defendant's motion for summary judgment and, on the same day, filed a request for leave to amend her complaint. The request indicated that the amendment was necessary "in order to accurately describe the location of the plaintiff's fall." The proposed amended complaint alleged that the plaintiff slipped and fell "after parking her car in the parking lot in the rear of the Elmwood Community Center, and proceeding to a rear private entrance." It further alleged that the defendant was negligent because it allowed snow and ice to remain "in the area between the parking lot and private entrance of the premises," and failed to plow and salt or sand "the area between the parking lot and private entrance" within a reasonable time following a winter storm. The defendant filed an objection to the plaintiff's request for leave to amend her complaint, claiming that the proposed amendment set forth a new and different cause of action.

On June 8, 2004, a hearing was held on the motion for summary judgment and the objection to the request to amend the complaint. The court issued its memorandum of decision on October 14, 2004, in which it treated the defendant's motion for summary judgment as a motion to dismiss and dismissed the plaintiff's action for lack of subject matter jurisdiction.[2] Having dismissed the action, the court concluded that it was without authority to act on the plaintiff's request to amend

days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

[2] See *Cadle Co.* v. *D'Addario*, 268 Conn. 441, 445 n.5, 844 A.2d 836 (2004), in which our Supreme Court treated the parties' cross motions for summary judgment on the issue of standing as a motion to dismiss and an objection

her complaint. The plaintiff appealed from that dismissal.

On December 10, 2004, the defendant filed a motion to dismiss the intervening plaintiff's action. The defendant argued that because the plaintiff's claim had been dismissed for lack of subject matter jurisdiction, the intervening plaintiff's derivative claim likewise had to be dismissed. The court agreed and granted the defendant's motion to dismiss on March 3, 2005. The intervening plaintiff appealed from that dismissal. Both appeals were consolidated by this court by order dated February 14, 2006.

On appeal, the plaintiff claims that the court improperly (1) concluded that the plaintiff's claim was governed by § 13a-149 based solely on the allegations in the complaint, (2) treated the defendant's motion for summary judgment as a motion to dismiss, (3) failed to hold an evidentiary hearing, (4) concluded that the defendant did not receive notice of the plaintiff's injuries within ninety days of the incident and (5) failed to rule on the plaintiff's request to amend her complaint before addressing the defendant's motion for summary judgment. We conclude that the court should have held an evidentiary hearing when it decided to treat the defendant's motion for summary judgment as a motion to dismiss and, accordingly, reverse the judgment of the trial court dismissing the plaintiff's action.[3]

to the motion to dismiss and considered the trial court's action as the denial of a motion to dismiss.

[3] The trial court dismissed the intervening plaintiff's complaint, citing *Quire* v. *Stamford*, 231 Conn. 370, 376, 650 A.2d 535 (1994), on the ground that the intervening plaintiff's action was derived entirely from the plaintiff's right to recover damages against the defendant under § 13a-149. Because we conclude that the court improperly dismissed the plaintiff's action, it follows a fortiori that the court improperly dismissed the intervening plaintiff's action.

The defendant moved for summary judgment, claiming that the plaintiff's only redress for her alleged injuries was pursuant to § 13a-149, that she failed to give the notice to the defendant as required by that statute and that the failure to comply with the notice requirements deprived the court of subject matter jurisdiction. Having raised an issue of subject matter jurisdiction, the court was obligated to address it. "Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 429–30, 829 A.2d 801 (2003). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991).

Accordingly, the court appropriately decided the jurisdictional issue before addressing the plaintiff's request to amend her complaint. In general, a motion to dismiss is the proper procedural vehicle to raise a claim that the court lacks subject matter jurisdiction over the action. Practice Book § 10-31 (a) provides in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."

"Although subject matter jurisdiction may be challenged at any stage of the proceedings, it has been addressed almost exclusively through a motion to dismiss.[4] A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 117, 891 A.2d 106 (2006).

Having determined that the court properly addressed the jurisdictional issue first and properly treated the defendant's motion for summary judgment as a motion to dismiss, we next address the claim that the court improperly concluded that the plaintiff's cause of action was governed by § 13a-149, the highway defect statute. The complaint and the proposed amended complaint contained no statutory reference. The plaintiff claimed in her objection to the summary judgment motion that her cause of action was in negligence pursuant to General Statutes § 52-557n.[5] Even if a plaintiff does not plead

---

[4] "[T]he use of the motion for summary judgment to contest subject matter jurisdiction is appropriate in two circumstances: (1) when a party does not become aware of a jurisdictional defect until discovery has progressed; or (2) if, after a court has denied a motion to dismiss on jurisdictional grounds, discovery produces additional evidence that supports dismissal of the action for lack of subject matter jurisdiction." *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 121 n.11, 891 A.2d 106 (2006). Neither of those two circumstances is applicable to the present case.

[5] The plaintiff did not plead § 52-557n in her complaint or proposed amended complaint. At oral argument before this court, however, the plaintiff claimed that her action in negligence was brought pursuant to § 52-557n.

§ 13a-149 as a means for recovery, if the allegations in the complaint and any affidavits or other uncontroverted evidence necessarily invoke the defective highway statute, the plaintiff's exclusive remedy is § 13a-149. If § 13a-149 applies, the plaintiff must comply with the notice provisions set forth therein in order for the trial court to have subject matter jurisdiction. See *Ferreira* v. *Pringle*, 255 Conn. 330, 340, 766 A.2d 400 (2001).

"We have construed § 52-557n . . . to provide that, in an action against a municipality for damages resulting from a highway defect, the defective highway statute [§ 13a-149] is the plaintiff's exclusive remedy." Id., 341. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . . [A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . . [I]f there is a defective condition that is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair. . . .

"The duty of the municipality to use reasonable care for the reasonably prudent traveler . . . extends to pedestrian travel as well as to vehicular traffic. . . . To fall within the statute, a plaintiff is not obligated to remain seated in a vehicle proceeding on the highway . . . rather, a person must [simply] be on the highway for some legitimate purpose connected with travel thereon . . . . Nor does the defect have to be on the actual traveled portion of the highway. . . . Reasonable latitude is allowed to meet the exigencies of travel." (Citations omitted; internal quotation marks omitted.)

Id., 341–43. "The word road or highway as used in the highway defect statute has usually been construed to include sidewalks. . . . The term sidewalk is meant to apply to those areas that the public uses for travel. . . . Furthermore, a highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." (Citations omitted.) *Novicki* v. *New Haven*, 47 Conn. App. 734, 740, 709 A.2d 2 (1998). "[F]or purposes of recovery under § 13a-149 and § 13a-144 [the state highway defect statute], a highway can be considered defective . . . by reason of ice or snow, depending, of course, on the circumstances and conditions." (Internal quotation marks omitted.) *Serrano* v. *Burns*, 248 Conn. 419, 426–27, 727 A.2d 1276 (1999). Whether a parking lot is included or excluded from coverage under the defective highway statute, however, is a question for the fact finder. Id., 427–29.

Here, the plaintiff alleged in her original complaint that she fell in the driveway. No exact location is pinpointed. In seeking summary judgment, the defendant was claiming that a driveway, as a matter of law, falls within the purview of § 13a-149. The trial court agreed, citing the Superior Court decision of *Hodge* v. *Old Saybrook*, Superior Court, judicial district of Middlesex, Docket No. 88746 (December 20, 2001). In concluding that the facts alleged gave rise to a highway defect claim, the court in *Hodge* noted that there was no dispute between the parties as to the location of the plaintiff's fall or that the sidewalk and adjacent driveway were open for the public and were actually used by the public. The fact that the area in question involved a driveway was not the controlling factor leading to the court's conclusion that § 13a-149 applied in that case.

Although the plaintiff alleged that she fell on the community center's driveway in the original complaint,

that allegation in and of itself does not warrant the conclusion that the plaintiff was claiming injury by means of a defective road or bridge under § 13a-149. In attempting to amend her complaint, the plaintiff maintained that she was trying to describe with greater particularity the location of her fall. Moreover, in responding to the defendant's motion for summary judgment, the plaintiff submitted affidavits that placed into issue whether the area in question was open to the public. Unlike *Hodge*, the case relied on by the trial court in reaching its conclusion, the facts in this case are disputed, and evidence needs to be presented to the finder of fact before a conclusion of law can be reached as to whether the claimed defect was in the highway and therefore under the purview of § 13a-149. "Whether there is a defect in such proximity to the highway so as to be considered in, upon, or near the traveled path of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the [finder of fact] . . . ." (Internal quotation marks omitted.) *Baker* v. *Ives*, 162 Conn. 295, 300, 294 A.2d 290 (1972).

Although the court properly chose to treat the motion for summary judgment as a motion to dismiss, the court was required to hold an evidentiary hearing before ruling on the motion because the facts before the court were disputed. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 833, 826 A.2d 1102 (2003); *Manifold* v. *Ragaglia*, supra, 94 Conn. App. 117 n.7; *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 315, 763 A.2d 1058 (2001); *Bradley's Appeal from Probate*, 19 Conn. App.

456, 467, 563 A.2d 1358 (1989). We therefore conclude that the court improperly granted the motion to dismiss the plaintiff's action without holding an evidentiary hearing.

Although we already have concluded that the judgment of the court must be reversed for the reasons stated, we reach the plaintiff's claim regarding the sufficiency of the notice that she gave the defendant because it raises a legal issue that may arise on remand.[6] The plaintiff claims that no notice was necessary because her claim was not made pursuant to the highway defect statute, but she nevertheless maintains that she did give notice in compliance with § 13a-149 if the highway defect statute is her exclusive remedy.

The record indicates that on January 7, 2002, the plaintiff's supervisor sent an e-mail to the supervisor of the community center, advising her of the plaintiff's fall on the way to work. The plaintiff, through her counsel, also sent a letter addressed to the town clerk and the town manager, advising them of her fall. That letter was delivered to the office of the town clerk on June 7, 2002. The court concluded that proper notice as required by § 13a-149 was not given; the e-mail did not comply with the statutory provisions because it was not addressed to the municipality, and the second notice was not given within the ninety day period required by the statute.

We agree that, as a matter of law, the two notices were not in compliance with the provisions of § 13a-149. "As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements." *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125

---

[6] If, on remand, the court concludes that the plaintiff's claim is governed by § 13a-149 rather than § 52-557n, the sufficiency of the notice must be determined.

(1997). "The plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery." *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 198, 592 A.2d 912 (1991). It is undisputed that the plaintiff fell on January 7, 2002, and that the letter to the defendant from the plaintiff's counsel about the incident was received by the town clerk on June 7, 2002, which is more than ninety days from the date of the claimed injury. That notice was not timely made and failed to satisfy the statutory requirement of § 13a-149.

With respect to the e-mail sent on January 7, 2002, from the plaintiff's supervisor to the supervisor of the community center, it failed to comply with the statutory requirements because it was not "given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ." General Statutes § 13a-149. The plaintiff argues that the information required to be included by the statute was contained in the e-mail and that it was incumbent on the defendant to submit evidence to the court indicating that it did not receive the e-mail within ninety days of the plaintiff's injury. We are not persuaded.

The notice was not given to any of the persons designated to receive notice by the clear and unambiguous language of § 13a-149. An insinuation that the proper individual most likely received the notice from another town employee is not sufficient to satisfy the statutory requirement. Information provided by third party sources to the selectman or town clerk, no matter how precise, cannot cure defects in the plaintiff's notice. See *Bresnan* v. *Frankel*, 224 Conn. 23, 27, 615 A.2d 1040 (1992). Further, "providing notice under § 13a-149 requires a plaintiff both to deliver the notice and to assure that it is received by the defendant within the notice period." *Rivera* v. *Meriden*, 72 Conn. App. 766,

772, 806 A.2d 585 (2002). It was not the defendant's burden to demonstrate that it did not receive the e-mail relied on by the plaintiff as satisfying the statutory notice requirement.

We conclude that neither the notice received by the town clerk on June 7, 2002, nor the e-mail sent on January 7, 2002, from the plaintiff's supervisor to the supervisor of the community center met the requirements set forth in § 13a-149. They were insufficient as a matter of law.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.