Suzan **KLEIN**, Plaintiff,

v.

**CITY OF NORWALK and Sono Court Associates, LLC, Defendants.**

**No. 3:05CV00467(DJS).**

United States District Court,
D. Connecticut.

June 29, 2007.

---

Anthony D. Sutton, Ira B. Grudberg, Jacobs, Grudberg, Belt, Dow & Katz, P.C., New Haven, CT, for Plaintiff.

M. Jeffry Spahr, Corporation Counsel's Office, Norwalk, CT, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SQUATRITO, District Judge.

The plaintiff, Suzan Klein ("Klein") brought this action against the defendants, City of Norwalk ("the City") and Sono Court Associates, Inc. ("Sono"), alleging that she was injured because of the defendants' negligence.[1] The City filed a motion for summary judgment (dkt.# 30), which the court denied on March 28, 2007 (see dkt. # 47). In the memorandum of decision denying the City's motion for summary judgment, the court agreed with the City's argument that Klein's claims against the City are subject to Connecti-

cut's defective highway statute, Conn. Gen. Stat. § 13a–149. (See dkt. # 47.) The court disagreed, however, with the City's argument that summary judgment should enter against Klein because Klein failed to cite to the statute in her Amended Complaint. (See id.)

Although the court ultimately denied the City's summary judgment motion, the court held that Connecticut's defective highway statute controls this case. Therefore, on March 29, 2007, the court ordered Klein to submit materials demonstrating that she complied with the statute's notice requirement. (See dkt. # 48.) As noted in the March 29, 2007 order, the court would lack subject matter jurisdiction over a claim brought pursuant to the defective highway statute if the plaintiff did not comply with the statute's notice requirement. (See id.) Klein has submitted a brief in which she represents that she did not comply with the notice requirements of Connecticut's defective highway statute. (See dkt. # 52.) The court thus finds that it lacks subject matter jurisdiction over this action and orders that this case be **DISMISSED.**

## I. DISCUSSION

The court has previously set forth the factual background of this case in the memorandum of decision denying the City's motion for summary judgment, (see dkt. # 47), and need not reiterate every detail here. Klein alleged that she sustained injuries after tripping and falling over a drainage grate located in a public parking lot owned and maintained by the City. Klein claimed that the City's negligence in maintaining the area around the drainage grate caused her fall. The City maintained that it was entitled to summary

---

1. Sono moved for summary judgment on August 18, 2006. On September 8, 2006, the court granted, without objection, Sono's summary judgment motion. (See dkt. # 39.)

judgment because Klein, in her Amended Complaint, did not specifically cite to the defective highway statute, Conn. Gen.Stat. § 13a–149, which, according the City, was her exclusive remedy. Klein denied (and continues to deny) that the defective highway statute governs this case.

As noted above, the court found that the statute governs this case, but that Klein's failure to cite to the statute did not entitle the City to summary judgment. Nevertheless, because the court held that the statute applies here, the court ordered Klein to submit evidence demonstrating that she has complied with the statute's notice requirement, which governs the court's subject matter jurisdiction.

On April 23, 2007, Klein submitted a brief in which she represents that she did not comply with the notice requirement of Conn. Gen.Stat. § 13a–149. (*See* dkt. # 52.) Klein states that she did not provide such notice "because it is her position that Connecticut General Statutes § 13[a]–149 does not govern the instant case." (*Id.*) In support of her position, Klein notes that "Connecticut has not yet recognized a municipal parking lot as coming within the definition of Connecticut General Statutes § 13a–149," and that "the Connecticut Supreme Court requires a fact-based test for expanding the reach of the highway defect statute to cover a municipal parking lot, and facts exist that preclude a finding that the subject parking lot and defect are covered by the … statute…." (*Id.*)

■ First, the court finds fault with Klein's contention that Connecticut does not recognize a municipal parking lot as falling within the definition of the defective highway statute. In *Serrano v. Burns*, 248 Conn. 419, 727 A.2d 1276 (1999), the Connecticut Supreme Court specifically held that parking lots could fall within the definition of the Connecticut defective highway statute. Granted, the *Serrano*

opinion did not deal with municipal parking lots *per se*. That is, as the claim being analyzed in *Serrano* was against Connecticut's Commissioner of Transportation, not a municipality, the Connecticut Supreme Court discussed Conn. Gen.Stat. § 13a–144, not § 13a–149. Nevertheless, the Connecticut Supreme Court expressly found that § 13a–144 "affords a right of recovery similar to that against municipalities under § 13a–149, and is subject to the same limitations". *Serrano*, 248 Conn. at 426, 727 A.2d 1276 (internal quotation marks omitted); *see Ferreira v. Pringle*, 255 Conn. 330, 348 n. 12, 766 A.2d 400 (2001). Thus, the court sees no difference between the analysis of a state parking lot's relationship to the defective highway statute and the analysis of a municipal parking lot's relationship to the defective highway statute.

Second, as seen in the court's two previous orders (*see* dkt. # s 47 & 48), the court disagrees with Klein's contention that there are facts precluding a finding that the parking lot and defect in question are covered by the defective highway statute. Klein admits the following: she fell in a public parking area owned by the City and maintained by the City's Department of Public Works; the parking lot is located in the center of South Norwalk ("SoNo"); the parking lot is surrounded by streets, roads, boulevards, and sidewalks; in the vicinity of the parking lot there are a number of shops, retail stores, restaurants, banks, museums, brew houses, a pool hall, movie complex, and police station; the parking lot is a destination for those visiting the area surrounded by the parking lot; the parking lot is designed for vehicles, and once a vehicle is parked, occupants will likely exit the vehicle and proceed on foot to a destination; it was reasonably to be expected that, after Klein parked her car, she would cross out of the parking lot to a sidewalk in order to visit

the SoNo attractions; Klein did so cross out of the parking lot, and once she had finished her activities, she reentered the parking lot; Klein's path to her car brought her to the area of the drainage grate, where she tripped and fell; the area of the drainage grate is one wherein pedestrians are expected and reasonably anticipated to traverse.

Based on the above admissions, the court fails to see what facts are at issue here. The parties do not dispute where the incident took place or where the drainage grate in question is located. They do not dispute that the City was responsible for the parking lot's maintenance. They do not dispute that the parking lot is a destination for those wishing to partake in the various SoNo attractions. Most importantly, they do not dispute that the area over which Klein tripped and fell was one in which pedestrians are expected and reasonably anticipated to traverse. That is to say, there is no dispute between the parties as to the location of the Klein's fall, or that area in question was open to the public, actually used by the public, and an incident to travel on the surrounding roadways and sidewalks. *See Kozlowski v. Comm'r of Transp.,* 274 Conn. 497, 504, 876 A.2d 1148 (2005); *Bellman v. Town of W. Hartford,* 96 Conn.App. 387, 395, 900 A.2d 82 (2006); *Hodge v. Town of Old Saybrook,* No. CV990088746, 2001 WL 1707030, at *2 (Conn.Super.Ct. Dec.20, 2001) (holding that, as there was no dispute between the parties regarding the location of the plaintiff's fall or that the sidewalk and adjacent driveway in question were open to, and actually used by, the public, the area was "clearly covered by § 13a-149").

In the court's estimation, then, the fact that Klein's fall happened in a parking lot is not the dispositive issue here. It is true, as Klein points out, that whether a parking lot is included or excluded under the defective highway statute is normally a question of fact. *See Serrano,* 248 Conn. at 429, 727 A.2d 1276; *Bellman,* 96 Conn.App. at 395, 900 A.2d 82. But this factual inquiry asks whether highway travelers are invited by the municipality to use an area, and whether the use of the area is so closely related to travel upon the highway that it may be considered part of the municipal highway system. *See Serrano,* 248 Conn. at 429, 727 A.2d 1276. Based upon the parties' above-mentioned admissions, the court finds that the factual inquiry has been satisfied, leaving no question for the finder of fact, despite the fact that Klein's fall occurred in a parking lot. Consequently, the defective highway statute applies in this case.

■ Because Connecticut's defective highway statute controls this case, the notice requirements of that statute are in effect. Connecticut's defective highway statute reads as follows:

> No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation.

Conn. Gen.Stat. 13a-149. "[I]f § 13a-149 applies, the plaintiff must comply with the notice provisions set forth therein in order for the trial court to have subject matter jurisdiction." *Bellman,* 96 Conn.App. at 394, 900 A.2d 82. Indeed, the Connecticut Supreme Court has held that " '[a]s a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements.... A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a

municipality.' " *Salemme v. Town of Seymour,* 262 Conn. 787, 793, 817 A.2d 636 (2003) (quoting *Martin v. Town of Plainville,* 240 Conn. 105, 109, 689 A.2d 1125 (1997)); *see Sanzone v. Bd. of Police Comm'rs,* 219 Conn. 179, 198, 592 A.2d 912 (1991) ("The plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery."). Klein, not the City, has burden of demonstrating that she provided the proper notice. *See Bellman,* 96 Conn.App. at 399, 900 A.2d 82.

█ Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). As the Second Circuit has stated, "the lack of subject matter jurisdiction may be raised at any time, by the parties, or by the court *sua sponte.*" *Promisel v. First Am. Artificial Flowers, Inc.,* 943 F.2d 251, 254 (2d Cir.1991). Klein represents that, with regard to her fall she did not comply with the notice requirements of Connecticut's defective highway statute. (*See* dkt. # 52.) Such notice, which implicates the court's subject matter jurisdiction, was a condition precedent to maintaining this action. Because Klein did not provide notice under to the statute, the court finds that it lacks subject matter jurisdiction over this matter. Consequently, this case is hereby **DISMISSED.**

## II. CONCLUSION

For the foregoing reasons, this case is **DISMISSED.** The Clerk of the Court shall close this file.

**SO ORDERED.**