ARMAND CUOZZO *v.* TOWN OF ORANGE
(AC 34918)

Lavine, Beach and Keller, Js.

Argued September 20—officially released December 17, 2013

*Karen E. Souza*, with whom, on the brief, was *Steven L. Rubin*, for the appellant (plaintiff).

*Mark A. Perkins*, with whom was *Daniel Murtha*, legal intern, for the appellee (named defendant).

*Opinion*

KELLER, J. The main issue in this appeal is whether the trial court properly dismissed a claim for lack of subject matter jurisdiction on the ground that the plaintiff failed to provide notice to a municipality in accordance with the municipal highway defect statute, General Statutes § 13a-149. The plaintiff, Armand Cuozzo, appeals from the judgment of the trial court dismissing his complaint against the defendant, the town of Orange.[1] The plaintiff claims that the court improperly granted the defendant's motion to dismiss. We agree with the plaintiff and reverse the judgment of the trial court.

By means of an amended revised complaint dated February 3, 2012, the plaintiff alleged that, at approximately 4:30 p.m. on July 31, 2008, he was a business invitee on certain property located at 2 Boston Post Road in Orange. The plaintiff alleged that, at all times relevant, said property was owned by and was "controlled, maintained, managed, operated and/or supervised" by the defendant, "its agents, servants and/or employees." The property abutted Meloy Road, a public highway in Orange, and was connected to Meloy Road by "an entrance/exit driveway" that intersected Meloy

---

[1] The plaintiff brought the complaint pursuant to General Statutes § 52-593, alleging that he failed to obtain judgment in an earlier action by reason of his failure to name the correct party as the defendant. The plaintiff's operative, amended revised complaint was brought in two counts, one of which was brought against the town of Orange and the other of which was brought against the city of West Haven. The court's judgment, granting the motion to dismiss filed by the town of Orange, is the subject of this appeal. The city of West Haven is not a party to this appeal. Accordingly, we refer to the town of Orange as the defendant in this opinion.

Road. Said driveway "was controlled, maintained, managed, operated and/or supervised" by the defendant, "its agents, servants and/or employees." Meloy Road intersected with Boston Post Road, another public highway.

Also, the plaintiff alleged that, at the date and time specified, he was operating a motor vehicle owned by him in a northerly direction on the driveway, at which time his motor vehicle came into contact with a dangerous and unsafe condition, namely, a pothole that was approximately two feet in diameter, which was situated approximately three feet from the driveway's intersection with Meloy Road. This defective, dangerous and unsafe condition in the driveway existed for such a period of time prior to this event that the defendant should have known of its presence and remedied it. The collision led to personal injury and damages that were "caused by the negligence and carelessness of the defendant . . . its agents, servants and/or employees" in that, among other things, they allowed and permitted the condition to exist, failed to take steps to remedy it, and failed to take reasonable measures to prevent motor vehicles from coming into contact with it. The plaintiff further alleged that, pursuant to General Statutes § 52-557n, the defendant was liable for his injuries and damages.

Thereafter, the defendant filed a motion to dismiss pursuant to Practice Book § 10-33 on the ground that the court lacked subject matter jurisdiction. Specifically, the defendant argued that the plaintiff's claim fell within the purview of the municipal highway defect statute, § 13a-149, and that the plaintiff failed to comply with the notice requirement of the statute. In support of its motion, the defendant submitted a memorandum of law as well as an affidavit of Pat O'Sullivan, the town clerk for the defendant. O'Sullivan averred, in relevant part, that the defendant had not been given notice of

the present action until October 21, 2011, when it was served with the plaintiff's complaint, and well after the ninety day notice requirement set forth in § 13a-149. The defendant did not submit an affidavit that contained facts indicating that the typical and expected use of the driveway at issue rendered it open to the traveling public. Additionally, the defendant asserted that the action was not brought within the applicable statute of limitations.

By way of objection, the plaintiff submitted a memorandum of law in which he argued that the defendant's claims were not a proper subject of a motion to dismiss. He asserted that the defendant failed to set forth a jurisdictional defect to justify the motion to dismiss, a claim that notice was insufficient under § 13a-149 was properly raised by means of a motion to strike, and any statute of limitations claim should be addressed in a motion for summary judgment. The plaintiff argued that, if the defendant's claims were a proper subject of a motion to dismiss, the motion should be denied on its merits because the action did not fall within the purview of the highway. defect statute insofar as the accident did not occur on a public highway, but a private driveway. Also, addressing the defendant's statute of limitations claim, the plaintiff argued that the action was timely under General Statutes § 52-593 because it was brought within the one year time limit codified therein. Attached to his memorandum of law in opposition to the defendant's motion was the plaintiff's affidavit, in which he averred in relevant part that the collision involving the pothole occurred in "[a] private driveway that exclusively leads to the Wal-Mart Plaza, which includes Sam's Club."

Following a hearing related to the motion to dismiss, during which the court heard argument concerning the motion but was not presented with evidence, the court issued a memorandum of decision. Initially, the court

concluded that the defendant's claim concerning notice pursuant to § 13a-149 implicated subject matter jurisdiction and, therefore, was a proper subject of a motion to dismiss. Next, the court examined the allegations in the plaintiff's complaint as well as relevant principles of law. The court concluded: "In the present case, based on the plaintiff's own allegations, the driveway where the alleged accident occurred was on property owned by the defendant town, connecting a public road to another town owned property. Based on these claims, it is reasonable to anticipate that the public would make use of the driveway. As a matter of law, therefore, the facts alleged in the plaintiff's complaint amount to a highway defect, and necessarily invoke . . . § 13a-149 as the exclusive remedy. Because the plaintiff failed to provide proper notice to the defendant within ninety days of the alleged accident, this court lacks subject matter jurisdiction over this action."[2] Accordingly, the court granted the motion to dismiss. Subsequently, the court denied the plaintiff's motion to reargue. This appeal followed.

Reiterating arguments that he raised before the trial court, the plaintiff claims that the court improperly determined that the defendant could raise its claim regarding § 13a-149 in a motion to dismiss. Also, the plaintiff claims that the court improperly determined that the claim fell within the ambit of § 13a-149 because the driveway at issue, although owned and maintained by the defendant, was not a *public* highway for purposes of the highway defect statute.

"The standard of review for a court's decision on a motion to dismiss [under Practice Book § 10-31 (a) (1)] is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without

---

[2] The court did not address the defendant's statute of limitations argument in rendering its judgment dismissing the complaint.

jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 774, 23 A.3d 1192 (2011).

Having set forth our standard of review, we set forth the relevant statutory authority. Section 52-557n (a) (1) provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . [t]he negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. . . ."

Section 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury.

No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

## I

First, we address the plaintiff's argument, raised here and before the trial court, that the court improperly considered the defendant's claim of lack of notice under § 13a-149 in the context of a motion to dismiss.[3] "[A] claim that a court lacks subject matter jurisdiction may be raised at any time during the proceedings . . . including on appeal . . . ." (Citation omitted; internal quotation marks omitted.) *Bacon Construction Co.* v. *Dept. of Public Works*, 294 Conn. 695, 704 n.9, 987 A.2d 348 (2010). Practice Book § 10-31 (a) provides in relevant part: "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . . ." This court unambiguously has recognized that "when the allegations of a complaint and other properly considered evidence bring a plaintiff's cause of action within the purview of § 13a-149, the failure to provide the notice required by the statute deprives the court of subject matter jurisdiction over the action." *Bagg* v. *Thompson*, 114 Conn. App. 30, 41, 968 A.2d 468 (2009); see also *Ferreira* v. *Pringle*, 255 Conn. 330, 354, 766 A.2d 400 (2001) ("As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a

---

[3] As an aspect of this claim, the plaintiff also argues before this court that the trial court should have held an evidentiary hearing with regard to the issues raised in the motion to dismiss. Our review of the proceedings before the trial court, however, reflects that such an argument was not advanced before the trial court.

municipality with notice within ninety days of the accident. . . . In this case, it is undisputed that the plaintiff did not provide *any* written notice to the defendants within the requisite time period. Because he failed to comply with the notice requirements of § 13a-149, the trial court lacked subject matter jurisdiction over the action." [Citations omitted; emphasis in original.]). "Even if a plaintiff does not plead § 13a-149 as a means for recovery, if the allegations in the complaint and any affidavits or other uncontroverted evidence necessarily invoke the highway defect statute, the plaintiff's exclusive remedy is § 13a-149. If § 13a-149 applies, the plaintiff must comply with the notice provisions set forth therein in order for the trial court to have subject matter jurisdiction." *Bellman* v. *West Hartford*, 96 Conn. App. 387, 393–94, 900 A.2d 82 (2006).

In light of the aforementioned authorities, there is no merit to the plaintiff's assertion that the court improperly considered the defendant's claim concerning lack of notice under § 13a-149 in the context of a motion to dismiss. It does not control our analysis that the plaintiff deems his claim as one sounding in negligence, rather than under § 13a-149. In ruling on a motion to dismiss such as the one in the present case, it is for the court to examine the pleadings and the record and to determine the true nature of the claim at issue. See, e.g., *Mahoney* v. *Lensink*, 213 Conn. 548, 567–68, 569 A.2d 518 (1990) (complaint that does not specifically allege violation of statute nonetheless may contain allegations sufficient to invoke statute). Furthermore, we reject the plaintiff's assertion that lack of notice under § 13a-149 is akin to a "curable deficienc[y] in the pleadings" that should be raised by means of a motion to strike. By means of a motion to dismiss, a party properly may claim that one or more counts of a complaint fall within the ambit of the highway defect statute and that the court lacks jurisdiction over such count or counts

because of a failure of notice under the statute. See, e.g., *Ortiz* v. *The Metropolitan District*, 139 Conn. App. 487, 490–91, 56 A.3d 952 (2012) (trial court properly granted motion to dismiss on ground of insufficient notice under § 13a-149); *Bartlett* v. *Metropolitan District Commission*, 125 Conn. App. 149, 163, 7 A.3d 414 (2010) (same); *Rivera* v. *Meriden*, 72 Conn. App. 766, 776, 806 A.2d 585 (2002) (same).

## II

Next, we address the plaintiff's argument that the court improperly determined that the claim fell within the ambit of § 13a-149. The plaintiff urges us to conclude that the court improperly determined that the driveway on which the accident occurred was a *public highway* for purposes of the statute. The plaintiff relies heavily on his uncontested averment that the driveway, although owned and maintained by the defendant, was "[a] private driveway that exclusively leads to the Wal-Mart Plaza, which includes Sam's Club." He argues that the driveway was for ingress and egress into a private shopping plaza and that "[i]t is not foreseeable that the public would use this driveway," but that its use was restricted to licensees entering the plaza for a business purpose. The plaintiff argues that the court placed too much emphasis on the fact that the alleged accident occurred on property owned by the defendant.

As framed by the arguments of the parties, the main issue before the court in ruling on the motion to dismiss was whether the accident occurred on a public highway for purposes of § 13a-149. "[A] highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel. . . . If in the use of the traveled portion of the highway . . . a condition exists which makes

travel not reasonably safe for the public, the highway is defective." (Citation omitted; internal quotation marks omitted.) *Read* v. *Plymouth,* 110 Conn. App. 657, 664, 955 A.2d 1255, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008).

"According to General Statutes § 14-1 [40], a highway includes any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use . . . . Our Supreme Court has stated: The plain meaning of the word highway is [a] main road or thoroughfare; hence a road or way open to the use of the public. . . . It is thus that this court has customarily understood the word. We have stated, for example, that the essential feature of a highway is that every traveler has an equal right in it with every other traveler. . . . [T]he term highway is ordinarily used in contradistinction to a private way, over which only a limited number of persons have the right to pass." (Citation omitted; internal quotation marks omitted.) *Read* v. *Plymouth,* supra, 110 Conn. App. 665. Certainly, the distinctive feature of a highway for which a claim may arise under § 13a-149 is that it is open to public use. Id. "For an area to be open to public use it does not have to be open to everybody all the time. . . . The essential feature of a public use is that it is not confined to privileged individuals or groups whose fitness or eligibility is gauged by some predetermined criteria, but is open to the indefinite public. It is the indefiniteness or unrestricted quality of potential users that gives a use its public character." (Citations omitted; internal quotation marks omitted.) *State* v. *Boucher,* 207 Conn. 612, 615, 541 A.2d 865 (1988).

"The statutory provisions of § 13a-149 have two components that must be met to trigger its application: (1) the plaintiff must have sustained an injury by means of

a defective road or bridge and (2) the party whom the plaintiff is suing must be the party bound to keep [the location where the injury was sustained] in repair." (Internal quotation marks omitted.) *Novicki* v. *New Haven*, 47 Conn. App. 734, 739–40, 709 A.2d 2 (1998).

In the present case, there is no factual dispute that the pothole with which the plaintiff's motor vehicle came into contact was in a driveway that the defendant was bound to keep in repair. In determining whether an area that the state or a municipality is bound to keep in repair constitutes a public highway for purposes of § 13a-149 or its state highway counterpart, General Statutes § 13a-144, courts, on a case-by-case basis, have looked to a myriad of facts that are germane to an analysis of public use. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . ." (Internal quotation marks omitted.) *Bellman* v. *West Hartford*, supra, 96 Conn. App. 394. Our Supreme Court has recognized that, "when the state either *invites* or *reasonably should expect* the public to use a particular area that is not directly in the roadway but that is a necessary incident to travel on the roadway, a defective condition therein may give rise to a cognizable action under the [state highway defect] statute." (Emphasis added.) *Kozlowski* v. *Commissioner of Transportation*, 274 Conn. 497, 504–505, 876 A.2d 1148 (2005). "[D]efective conditions located near the roadway, but in areas unintended for travel, are not highway defects within the ambit of the highway defect statute." Id., 504.[4]

---

[4] The concept of what constitutes a "road or bridge" under §§ 13a-144 and 13a-149 has expanded over the years such that clarity is now somewhat lacking. Now, of course, a sidewalk adjacent to a road is a road, as are areas near a highway that the traveling public might be expected to use. See *Serrano* v. *Burns*, 248 Conn. 419, 429, 727 A.2d 1276 (1999); *Ferreira* v. *Pringle*, supra, 255 Conn. 357. Driveways and walkways to buildings sometimes are roads, depending on who maintains them and whether the public, without exclusion, reasonably can be expected to use them. Compare

For example, in *Serrano* v. *Burns*, 248 Conn. 419, 429, 727 A.2d 1276 (1999), our Supreme Court, analyzing a claim brought under the state highway defect statute, § 13a-144, held that the existence of facts tending to demonstrate that highway travelers were invited to use a rest area that was adjacent to the traveled portion of a state highway gave rise to an issue of fact as to whether such an area "is so closely related to travel upon the highway that such an area is part of the state highway system." In *Baker* v. *Ives*, 162 Conn. 295, 301, 294 A.2d 290 (1972), our Supreme Court, determining that a grass strip located between a state highway and a sidewalk was a public highway for purposes of the state highway defect statute, was influenced by the fact that "the area in question was used as a parking area for the convenience of people shopping at the stores along the road" and that the state, having erected signage, invited and encouraged members of the general public to park in the area. In *Read* v. *Plymouth*, supra, 110 Conn. App. 666, this court held that a plaintiff's claim did not fall within the purview of § 13a-149 because there was no factual dispute that the municipal transfer station where the accident at issue occurred was restricted to town residents who had registered their vehicles with the town, was open during limited hours and, when closed, was restricted by means of a

---

*Novicki* v. *New Haven*, supra, 47 Conn. App. 742, with *Bellman* v. *West Hartford*, supra, 96 Conn. App. 395–96; see also *Read* v. *Plymouth*, supra, 110 Conn. App. 666; but see General Statutes § 14-1 (40).

It may be useful to stress the importance of travel. After all, a highway defect originally was "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." *Hewison* v. *New Haven*, 34 Conn. 136, 142 (1867). Premises liability, although likely subject to governmental immunity, perhaps should govern situations where the claimed defect is owned by the municipality but exists at the traveler's destination rather than in the course of the traveler's journey.

locked gate. In *Novicki* v. *New Haven*, supra, 47 Conn. App. 740, this court, determining that a sidewalk leading from a municipal street to a public school was a public highway for purposes of § 13a-149, concluded that it was reasonably anticipated that the public would make use of the sidewalk.

In *Klein* v. *Norwalk*, 499 F. Supp. 2d 113, 115–16 (D. Conn. 2007), an illustrative federal decision, the United States District Court for the District of Connecticut dismissed an action on the ground that it fell within the purview of § 13a-149, and the plaintiff failed to comply with the notice provisions of the statute. In its analysis, the court observed that the plaintiff admitted several relevant facts concerning the design and use of the area in which the plaintiff was injured, a municipal parking lot, all of which tended to demonstrate that it was "one in which pedestrians are expected and reasonably anticipated to traverse" and that "[the] area in question was open to the public, actually used by the public, and an incident to travel on the surrounding roadways and sidewalks." Id., 116. In affirming the District Court's judgment of dismissal, the United States Court of Appeals for the Second Circuit agreed that the undisputed facts, including that the municipality had invited the public to use the parking lot to facilitate travel to retail stores, attractions and other places of business, demonstrated that the area in question fell under the purview of § 13a-149. *Klein* v. *Norwalk*, 305 Fed. Appx. 745, 747–48 (2d Cir. 2009).

In determining that the plaintiff's claim fell within the purview of the highway defect statute, the trial court in the present case reasoned that, "the driveway where the alleged accident occurred was on property owned by the defendant town, connecting a public road to another town owned property. Based on these claims, it is reasonable to anticipate that the public would make

use of the driveway." As our case law reflects, however, the fact that the accident allegedly occurred on municipal property that is connected to a public road does not in and of itself support a conclusion that the accident site fell within the purview of § 13a-149. See *Read* v. *Plymouth*, supra, 110 Conn. App. 665–66 (holding that municipal property where accident occurred did not fall within purview of § 13a-149 in light of restrictions on access to property by general public).

We conclude that the facts, as alleged in the complaint and found in the affidavits submitted by the parties, are insufficient to support the necessary determination that the public would normally or reasonably be expected to make use of the "entrance/exit driveway" in the ordinary course of travel. Certainly, the plaintiff is bound by the facts alleged in his pleadings concerning the nature of the area in question.[5] In evaluating the issue before the court in the present case, in which the material facts that were put before the court are not contested,[6] we are limited to the pleadings, those facts necessarily implied from the pleadings, as well as the facts set forth in the affidavits supporting the parties' motion to dismiss and objection thereto. "The

---

[5] "Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings. . . . Factual allegations contained in pleadings upon which the case is tried are considered judicial admissions and hence irrefutable as long as they remain in the case. . . . An admission in pleading dispenses with proof, and is equivalent to proof." (Citation omitted; internal quotation marks omitted.) *BHP Land Services, LLC* v. *Seymour*, 137 Conn. App. 165, 171 n.4, 47 A.3d 950, cert. denied, 307 Conn. 927, 55 A.3d 569 (2012).

[6] "Affidavits are insufficient to determine factual issues raised on a motion to dismiss unless . . . they disclose that no genuine issue as to a material fact exists. . . . If a motion to dismiss turns on disputed issues of fact, an evidentiary hearing must be held to afford the parties an opportunity to present evidence and to cross-examine adverse witnesses." (Citation omitted; internal quotation marks omitted.) *Adolphson* v. *Weinstein*, 66 Conn. App. 591, 594 n.3, 785 A.2d 275 (2001), cert. denied, 259 Conn. 921, 792 A.2d 853 (2002).

motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) *Barde* v. *Board of Trustees*, 207 Conn. 59, 62, 539 A.2d 1000 (1988); see also *Bellman* v. *West Hartford*, supra, 96 Conn. App. 393–94.

The plaintiff asserts that the municipally owned driveway at issue intersects with a municipal road and leads to retail stores. The pertinent materials submitted before the court do not disclose whether the defendant, bound to maintain the driveway, invited or reasonably expected that the public would use the driveway incident to travel, or whether the driveway was open for public travel generally. Importantly, the plaintiff, through his affidavit, averred that the accident occurred in "[a] private driveway that exclusively leads to the Wal-Mart plaza, which includes Sam's Club." As set forth previously in this opinion, a court properly may consider undisputed facts, submitted by way of supporting affidavits, that are relevant to the jurisdictional issue raised in a motion to dismiss. See Practice Book § 10-31. The fact that the driveway was private certainly was relevant to the issue of law before the court, namely, whether the accident occurred on a public highway. It supported a determination that the plaintiff properly invoked the court's subject matter jurisdiction. Cf. *Bellman* v. *West Hartford*, supra, 96 Conn. App. 396 (court required to hold evidentiary hearing where facts as to whether area in question was open to public are in dispute).

Although common sense assumptions regarding certain retail outlets might appear to dictate that the drive-

way at issue, connecting a municipal highway to a shopping center on municipally owned property, typically is open for public travel generally, we must confine our analysis to the facts in the record and interpret them in the light most favorable to the plaintiff's cause of action. Here, the driveway leads to a shopping center with private retail outlets; it does not lead to a municipal building that one may reasonably anticipate is open to all, such as a town hall or a school. Nothing is known about the defendant's agreement with these retail outlets regarding the use of the driveway or the parking area to which it leads. Not every driveway that leads to and from a shopping center welcomes all travelers; a myriad of restrictions of use may limit travel to certain persons, certain types of use or certain types of vehicles. There is a dearth of evidence concerning signage, lighting and road markings surrounding the driveway. The plaintiff's allegations reflect that he was present on the driveway as a business invitee, and nothing in the record before us suggests that the driveway was open for the unrestricted use of all public travelers generally. The defendant, as the party seeking dismissal, did not provide the court with facts supporting such a determination, and we will not presume that an area is a public highway absent a sufficient showing.

The facts in the record, viewed in the light most favorable to the plaintiff, do not support a determination that the driveway at issue has a public character such that it falls within the ambit of § 13a-149. Accordingly, we conclude that the court improperly dismissed the plaintiff's action against the defendant.[7]

---

[7] We observe that the record does not reflect that the pothole at issue was within the defendant's right-of-way line in connection with Meloy Road, and the court did not make such a determination. Either party, by reference to appropriate public records, could have attempted to demonstrate where the accident occurred in relation to the defendant's right-of-way line, but neither party submitted evidence of this nature to the trial court.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion BEACH, J., concurred.

LAVINE, J., dissenting. I disagree with the majority and conclude that the trial court properly dismissed the action filed by the plaintiff, Armand Cuozzo, for want of subject matter jurisdiction. Once subject matter jurisdiction is challenged, the plaintiff carries the burden of proving that it exists. See *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 213–14, 982 A.2d 1053 (2009) ("[i]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute" [internal quotation marks omitted]). In this case, sustaining this burden means that the plaintiff must demonstrate that either the municipal highway defect statute, General Statutes § 13a-149, does *not* apply or that the plaintiff has complied with its notice provisions.

On the basis of my review of the complaint, the motion to dismiss, and the accompanying affidavits, I conclude that the plaintiff has failed to demonstrate that the driveway in question is not public and that the highway defect statute does not apply. Pursuant to the plaintiff's own allegations, the driveway where the alleged incident occurred was on property owned, controlled, and maintained by the defendant, the town of Orange. As alleged, the driveway was situated on property that featured a number of retail stores, including a Sam's Club, and connected the property to a public road. The plaintiff also alleged that the "[defendant] allowed and permitted individuals to operate motor vehicles upon said driveway although it knew, or reasonably should have known, of the existence of said defective, dangerous and unsafe condition . . . ." The

only suggestion that the driveway is private in nature is the bare legal conclusion averred in the plaintiff's affidavit that "[t]his is the private driveway that exclusively leads to the Wal-Mart Plaza, which includes Sam's Club." This averment is a legal conclusion and cannot be relied upon. See *Ganim* v. *Smith & Wesson Corp.*, 258 Conn. 313, 326, 780 A.2d 98, 108 (2001) ("[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . [This] principle does not apply, however, to legal conclusions alleged." [Citation omitted; internal quotation marks omitted.]).

Upon a motion to dismiss, it was incumbent upon the plaintiff to either establish compliance with § 13a-149 or to demonstrate how that statute is inapplicable. The plaintiff has not met this burden. It was reasonable for the trial court to infer that the driveway was open to the public and thereby fell into the ambit of the highway defect statute. See, e.g., *Mahoney* v. *Lensink*, 213 Conn. 548, 567–68, 569 A.2d 518 (1990) (complaint that does not specifically allege violation of statute nonetheless may contain allegations sufficient to invoke statute). As the plaintiff failed to provide notice to the defendant pursuant to § 13a-149, the trial court properly dismissed the plaintiff's action.