******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ARMAND CUOZZO *v.* TOWN OF ORANGE
(AC 39097)

Lavine, Elgo and Flynn, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant town of Orange for personal injuries he allegedly sustained when his motor vehicle hit a pothole while he was driving on a private entrance/exit driveway, which abutted a public highway and led to a plaza in which S Co. was located. The plaintiff alleged that, under the municipal liability statute (§ 52-557n), the town was liable for his injuries and damages. Thereafter, the city of West Haven was cited in as a defendant. The town filed a motion to dismiss, claiming that the plaintiff's complaint fell within the purview of the municipal highway defect statute (§ 13a-149) and that the plaintiff had failed to comply with the ninety day notice provision contained in § 13a-149. After the trial court granted the town's motion to dismiss, the plaintiff appealed to this court, which reversed the trial court's judgment and remanded the case for further proceedings, and the defendant appealed to the Supreme Court, which affirmed this court's judgment. On remand, the trial court granted the motions for summary judgment filed by the town and the city, and rendered judgment thereon, concluding that the plaintiff's claims of negligence implicated the exercise of discretionary, rather than ministerial, acts, and that, as a matter of law, both defendants were entitled to governmental immunity, regardless of who owned the property. The court thereafter granted the plaintiff's motions to reargue, but denied the relief requested, and the plaintiff appealed to this court, claiming, inter alia, that the trial court improperly granted the defendants' motions for summary judgment because a genuine issue of material fact existed as to the location of the pothole. *Held* that the trial court properly determined that the defendants were entitled to summary judgment, as the evidence supported that court's conclusion that there was no genuine issue of material fact as to whether the pothole was located in the private driveway that led to S Co.; the plaintiff stated in both his complaint and deposition testimony that the pothole was in the entrance/exit driveway of S Co., the defendants presented affidavits by licensed engineers stating that the pothole was within the property of S Co. and, thus, that the pothole was not the responsibility of either defendant, and the plaintiff failed to present evidence to dispute that the defect was controlled by S Co. and not the defendants.

Argued September 19—officially released December 12, 2017

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendant's alleged negligence, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Hiller, J.,* granted the plaintiff's motion to cite in the city of West Haven as a party defendant; thereafter, the court, *Keegan, J.,* granted the named defendant's motion to dismiss and rendered judgment thereon, and the plaintiff appealed to this court, which reversed the judgment and remanded the case for further proceedings; subsequently, the named defendant appealed to the Supreme Court, which affirmed this court's judgment; thereafter, the court, *Stevens, J.,* granted the defendants' motions for summary judgment and rendered judgment thereon; subsequently, the court, *Stevens, J.,* granted the plaintiff's motions to reargue and denied the relief requested, and the plaintiff appealed to this court. *Affirmed.*

*Karen E. Souza*, for the appellant (plaintiff).

*Logan E. Carducci*, with whom, on the brief, was *Mark L. Perkins*, for the appellee (named defendant).

*Jerome A. Lacobelle, Jr.*, deputy corporation counsel, with whom, on the brief, was *Aimee L. Mahon*, for the appellee (defendant city of West Haven).

*Opinion*

ELGO, J. In this personal injury action, the plaintiff, Armand Cuozzo, appeals from the summary judgment rendered in favor of the defendants, the town of Orange (town) and the city of West Haven (city). The plaintiff claims that the trial court improperly granted summary judgment because (1) there is a genuine issue of material fact as to the location of the pothole at issue and (2) the acts performed by the defendants were not discretionary in nature. Because we conclude that there is no genuine issue of material fact as to the location of the pothole, we need not reach the plaintiff's second claim. Accordingly, we affirm the judgment of the court.

The following facts and procedural history are relevant to this appeal. The plaintiff commenced this action in November, 2011, and subsequently filed an amended complaint dated February 3, 2012. In the operative complaint, the plaintiff alleged that the "property located at #2 Boston Post Road in Orange, Connecticut," contained an "entrance/exit driveway" that had a "pothole approximately two feet in diameter . . . ." The property abutted Meloy Road, a public highway in Orange, and was connected to Meloy Road by "an entrance/exit driveway" that intersected Meloy Road. The plaintiff alleged that "at approximately 4:30 p.m. on July 31, 2008, the plaintiff . . . was operating [his] 1990 Volvo motor vehicle in a general northerly direction on such entrance/exit driveway" when his motor vehicle "suddenly and without warning came into contact" with the pothole. The plaintiff alleged that he was "a business invitee" at the time he was operating his vehicle and that the pothole was located "some three feet in from [the entrance/exit driveway's] intersection with Meloy Road." The plaintiff alleged that, at all times relevant, the property was owned by and was "controlled, maintained, managed, operated and/or supervised" by the defendants, their "agents, servants and/or employees . . . ."

As this court noted in a previous appeal involving the plaintiff, *Cuozzo* v. *Orange*, 147 Conn. App. 148, 82 A.3d 647 (2013), aff'd, 315 Conn. 606, 109 A.3d 903 (2015), his complaint alleged that "[t]he collision led to personal injury and damages that were caused by the negligence and carelessness of the [town] . . . its agents, servants and/or employees in that, among other things, they allowed and permitted the condition to exist, failed to take steps to remedy it, and failed to take reasonable measures to prevent motor vehicles from coming into contact with it. The plaintiff further alleged that, pursuant to General Statutes § 52-557n, the [town] was liable for his injuries and damages.[1]

"Thereafter, the [town] filed a motion to dismiss pursuant to Practice Book § 10-33 on the ground that the court lacked subject matter jurisdiction. Specifically,

the [town] argued that the plaintiff's claim fell within the purview of the municipal highway defect statute, [General Statutes] § 13a-149, and that the plaintiff failed to comply with the notice requirement of the statute. In support of its motion, the [town] submitted a memorandum of law as well as an affidavit of Pat O'Sullivan, the town clerk for the [town]. O'Sullivan averred, in relevant part, that the [town] had not been given notice of the present action until October 21, 2011, when it was served with the plaintiff's complaint, and well after the ninety day notice requirement set forth in § 13a-149. The [town] did not submit an affidavit that contained facts indicating that the typical and expected use of the driveway at issue rendered it open to the traveling public. Additionally, the [town] asserted that the action was not brought within the applicable statute of limitations.

"By way of objection, the plaintiff submitted a memorandum of law in which he argued that the [town's] claims were not a proper subject of a motion to dismiss. He asserted that the [town] failed to set forth a jurisdictional defect to justify the motion to dismiss, a claim that notice was insufficient under § 13a-149 was properly raised by means of a motion to strike, and any statute of limitations claim should be addressed in a motion for summary judgment. The plaintiff argued that, if the [town's] claims were a proper subject of a motion to dismiss, the motion should be denied on its merits because the action did not fall within the purview of the highway defect statute insofar as the accident did not occur on a public highway, but a private driveway. Also, addressing the [town's] statute of limitations claim, the plaintiff argued that the action was timely under General Statutes § 52-593 because it was brought within the one year time limit codified therein. Attached to his memorandum of law in opposition to the [town's] motion was the plaintiff's affidavit, in which he averred in relevant part that the collision involving the pothole occurred in [a] private driveway that exclusively leads to the Wal-Mart Plaza, which includes Sam's Club.

"Following a hearing related to the motion to dismiss, during which the court heard argument concerning the motion but was not presented with evidence, the court issued a memorandum of decision. Initially, the court concluded that the [town's] claim concerning notice pursuant to § 13a-149 implicated subject matter jurisdiction and, therefore, was a proper subject of a motion to dismiss. Next, the court examined the allegations in the plaintiff's complaint as well as relevant principles of law. The court concluded: In the present case, based on the plaintiff's own allegations, the driveway where the alleged accident occurred was on property owned by the [town], connecting a public road to another town owned property. Based on these claims, it is reasonable to anticipate that the public would make use of the driveway. As a matter of law, therefore, the facts alleged

in the plaintiff's complaint amount to a highway defect, and necessarily invoke . . . § 13a-149 as the exclusive remedy. Because the plaintiff failed to provide proper notice to the [town] within ninety days of the alleged accident, this court lacks subject matter jurisdiction over this action." (Internal quotation marks omitted.) Id., 151–53. The trial court granted the town's motion to dismiss. From that judgment, the plaintiff appealed to this court, which reversed the judgment on the ground that the facts in the record, viewed in the light most favorable to the plaintiff, did not support a determination that the driveway at issue had a public character such that it fell within the ambit of § 13a-149. Id., 164–65. The Supreme Court affirmed the judgment of this court, and the case was remanded for further proceedings according to law. *Cuozzo* v. *Orange*, 315 Conn. 606, 109 A.3d 903 (2015).

On remand, each defendant filed a motion for summary judgment, arguing that it did not own, control, or possess the property on which the plaintiff was allegedly injured and that it was entitled to governmental immunity. The plaintiff filed an objection to both summary judgment motions, claiming that there is a genuine issue of fact as to who owns the driveway and that the acts performed by the defendants were not discretionary in nature. On February 1, 2016, the trial court granted the town's motion for summary judgment, stating that "as a matter of law, the claims of negligence alleged in the complaint implicate the exercise of discretionary, rather than ministerial, acts." The court reasoned that "[t]he allegations of negligence on their face necessarily involve the exercise of judgment. For example, the complaint contains no allegations that the town was required to perform the alleged duties either unequivocally or in a prescribe[d] manner." On February 2, 2016, the court granted the city's motion for the same reasons. As a result, the court determined that both defendants were entitled to governmental immunity regardless of who owned the property.

On February 22, 2016, the plaintiff filed motions to reargue, claiming that the defendants were not entitled to governmental immunity because the allegations in the complaint were proprietary in nature and the negligence alleged was that the defendants did not perform the functions at all. In response, the town objected to the plaintiff's motion to reargue and claimed that the allegations of negligence were not proprietary in nature and that the town was protected by governmental immunity because the acts alleged to constitute negligence are considered discretionary. Also in its objection, the town requested reconsideration of whether there was a genuine dispute of a material fact as to the location of the defect because the uncontested evidence demonstrated that the defect was in the driveway of the Sam's Club, over which it had no possession, ownership, or control. The city filed a similar objection to the

plaintiff's motion to reargue.

The court granted the plaintiff's motions to reargue and, after hearing and reconsideration, denied the requested relief. The court issued identical orders for each defendant and stated that "(1) based on the complaint, the plaintiff's deposition and the defendant's submissions, the evidence establishes that there is no factual dispute that the alleged defect was in the driveway of the Sam's Club, an area owned by Sam's Club that the defendant neither possessed nor controlled; and (2) the allegations of negligence as described in the complaint clearly implicate discretionary, rather than proprietary, acts precluding liability under [§] 52-557n (a) (2) (B)." The plaintiff now appeals from that judgment.

The plaintiff first claims that because there is a genuine issue of material fact as to the location of the defect, the court improperly granted the defendants' motions for summary judgment.[2] We address this claim first because if the plaintiff fails to prevail with respect to this claim, we need not address the remaining claim. We disagree with the plaintiff and affirm the court's judgment.

"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Internal quotation marks omitted.) *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 221–22, 131 A.3d 771 (2016).

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . If a plaintiff cannot prove all of those elements, the cause of action fails. . . . The status of an entrant on another's land, be it trespasser, licensee or invitee, determines the duty that

is owed to the entrant while he or she is on a landowner's property." (Citations omitted; internal quotation marks omitted.) *Grignano* v. *Milford*, 106 Conn. App. 648, 651–52, 943 A.2d 507 (2008). "[T]he dispositive issue in deciding whether a duty exists is whether the [defendant] has any right to possession and control of the property. . . . Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances. . . . The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.) *Sweeney* v. *Friends of Hammonasset*, 140 Conn. App. 40, 50, 58 A.3d 293 (2013).

The evidence in the record supports the court's conclusion that there was no genuine issue of material fact as to whether the alleged defect was in the driveway of Sam's Club. In the operative complaint, the plaintiff alleged that the defective condition, the pothole, was located some three feet in from the entrance/exit driveway's intersection with Meloy Road. The plaintiff's deposition testimony detailed the location of the pothole as being in the driveway of Sam's Club.[3] During that deposition, the plaintiff marked an "x" and a circle on a photograph of the driveway, exhibit 5, where he believed the pothole was located. The mark was located on the entrance/exit driveway to Sam's Club. The plaintiff's affidavit, dated May 18, 2012, stated that he was injured when his "motor vehicle hit a pot hole in the driveway of #2 Boston Post Road in Orange, Connecticut . . . [and] this is the private driveway that exclusively leads to the Wal-Mart Plaza, which includes Sam's Club."

The town presented a signed affidavit by the town engineer, Robert J. Hiza, who is a licensed engineer and surveyor. Hiza's affidavit described his review of the deed to the property known as #2 Boston Post Road, the Sam's Club site layout plan, and his inspection of the area where the plaintiff indicated the pothole was located. Ultimately, Hiza concluded that "[t]he alleged pothole was either located within the property lines for #2 Boston Post Road, and therefore the responsibility of Sam's Real Estate Business Trust, the property owner, or within the City of West Haven's right of way for Meloy Road."

Further, the city presented an affidavit by the city engineer, Abdul Quadir, who is a licensed engineer. On the basis of the review of the deed, the Sam's Club site layout plan, and an inspection of the area where the plaintiff indicated that the pothole was located, Quadir concluded that "the alleged pothole was within the property lines for #2 Boston Post Road, Orange, Connecticut and therefore is not the responsibility of the City of West Haven." The plaintiff failed to present

any evidence to dispute that the defect was on Sam's Club property.

The plaintiff argues that even if the pothole was located as depicted in exhibit 5, there still is a genuine issue of material fact as to whether the town controlled the area. To provide evidence of the town's control of the entrance/exit driveway, the plaintiff references his exhibits attached to his objection to the defendants' summary judgment motions. The exhibits referenced include three letters from Paul Dinice, the zoning administrator and enforcement officer for the town of Orange, addressed to Sam's Club regarding landscaping and traffic concerns along Meloy Road. The plaintiff also references a traffic study performed by the town as to the plaza located on the property at #2 Boston Post Road to show that the town had control of the defective area. The traffic study and the letters, however, merely demonstrate the town's relaying of information and evaluation of traffic patterns; they do not provide evidence of the town's power or authority to manage, superintend, direct or oversee the allegedly defective area of the entrance/exit driveway. Therefore, the plaintiff failed to present evidence to dispute that the defect was controlled by Sam's Club and not the town.

On the basis of our plenary review of the pleadings and submissions of the parties, we conclude that the plaintiff has failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Because it was legally and logically correct for the trial court to conclude that there was no genuine issue that the alleged defect was in the driveway of Sam's Club, an area owned by Sam's Club that the defendants neither possessed nor controlled, the court properly determined that the defendants were entitled to summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's operative, amended revised complaint was brought in two counts, one of which was brought against the town of Orange and the other of which was brought against the city of West Haven. The subject of the previous appeal was the motion to dismiss filed by the town of Orange. The city of West Haven was not a party to that appeal.

[2] In a separate claim of error, the plaintiff contends that the trial court improperly decided on reconsideration that there was no genuine issue of material fact as to the ownership of the property because the plaintiff did not specifically request reargument of that issue in his motion to reargue. We do not agree. The issue was briefed by both parties in the underlying summary judgment motion. In its objection to the plaintiff's motion for reargument and at the hearing, the town asked the court to also determine whether there was a genuine issue of material fact as to the location of the defect, which the court previously found unnecessary in light of its ruling on the governmental immunity claim. When granting the plaintiff's motion, the court stated: "I'm going to review on the basis of submissions of the parties, both issues, or all of the issues, which involve both argument regarding governmental immunity, and more specifically the issues of discretionary versus ministerial function as applicable here, as well as the issue of responsibility, which, in turn, is related to the location of the defect." At that time, there was no request or apparent need to further brief the issue. Following

reconsideration, the court determined that there was no genuine issue of material fact as to the ownership of the property. Because the parties were provided with adequate notice and a full opportunity to be heard on the issue, this court does not find an abuse of discretion or prejudice. Accordingly, the issue was properly before the trial court.

[3] The following colloquy occurred during the plaintiff's deposition:

"[The Town's Counsel]: Sir, I want to be clear. While you can't remember exactly where this pothole was, are you certain that it was somewhere in this area of the driveway?

"[The Plaintiff]: Yes.

"[The Town's Counsel]: It was not on [Meloy] Road?

"[The Plaintiff]: No.

"[The Town's Counsel]: And do you know what town you are in when you're on that driveway? . . .

"[The Plaintiff]: But in the driveway, it's Orange.

"[The Town's Counsel]: How do you know it's Orange?

"[The Plaintiff]: Because Sam's Club is in Orange. If you look on the address, it doesn't say West Haven, it says Orange. Doesn't it?"

———————————————————