******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

SANDRA AUGUSTINE *v.* CNAPS, LLC
(AC 42987)

Elgo, Bright and Moll, Js.*

*Syllabus*

The plaintiff sought to recover damages from the defendant restaurant owner for personal injuries she allegedly sustained when she fell on a stairway in the restaurant as a result of loosely affixed carpeting and uneven padding under the carpeting. The trial court granted the defendant's motion for summary judgment, concluding that the plaintiff's amorphous descriptions of the alleged defect failed to present sufficient evidence to allow a reasonable jury to conclude that the allegedly defective condition was the proximate cause of her injuries. *Held* that the trial court improperly rendered summary judgment for the defendant, as the plaintiff established the existence of a genuine issue of material fact as to causation through the affidavits of two guests who used the same stairway and her deposition testimony that her heel caught in the carpeting, which was squishy, uneven and bumpy, and that her shoe remained in the carpeting as she stepped forward while descending the stairway; moreover, the trial court's characterization of the plaintiff's descriptions of the alleged defect as amorphous suggested that it failed to consider the evidence in the light most favorable to her, and a singular instance of inconsistency in the plaintiff's deposition testimony could not be given dispositive weight over her other largely consistent statements.

Argued June 19—officially released August 25, 2020

*Procedural History*

Action to recover damages for the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Abrams, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Reversed*; *further proceedings*.

*Michael J. Reilly*, for the appellant (plaintiff).

*Christopher S. Acquanita*, for the appellee (defendant).

*Opinion*

ELGO, J. In this negligence action sounding in premises liability, the plaintiff, Sandra Augustine, appeals from the summary judgment rendered by the trial court in favor of the defendant, CNAPS, LLC. On appeal, the plaintiff claims that the court improperly concluded that there was no evidence that the alleged premises defect was the proximate cause of the plaintiff's fall. We conclude that the plaintiff presented sufficient evidence to show the existence of a genuine issue of material fact on the question of causation. Accordingly, we reverse the judgment of the trial court.

The record reveals the following facts and procedural history. On August 27, 2017, the plaintiff attended a bridal shower held at Donovan's Reef, a restaurant in Branford operated by the defendant.[1] While descending a stairway from an event space located inside of the restaurant, the plaintiff fell down the stairs after the heel of her shoe became caught in the carpeting.[2] As a result of her fall, the plaintiff sustained injuries. She thereafter commenced the present action against the defendant on January 17, 2018. In her complaint, the plaintiff alleged that, while descending the stairway located at the aforementioned restaurant, she tripped and fell on the stairway as a result of loosely affixed carpeting and the uneven padding underneath the carpeting. The plaintiff further alleged that, at all times relevant, the defendant "maintained complete control of the interior premises . . . including the stairways located within the restaurant." The defendant filed an answer in which it denied that it was negligent and that its actions were the proximate cause of the plaintiff's injuries. It also asserted, by way of a special defense, that the plaintiff's injuries were caused by her own negligence.

The defendant, after deposing the plaintiff, moved for summary judgment on the grounds that the plaintiff could not establish the existence of a genuine issue of material fact as to whether the defendant had actual or constructive notice of a specific defect that caused her injury and/or the plaintiff failed to disclose any experts in support of her claim of a defect in the premises. In support of its motion, the defendant submitted a memorandum of law that was accompanied by portions of the plaintiff's deposition transcript, as well as a report from an investigator, who was hired by the plaintiff, assessing the condition of the carpeting on the stairs after the incident. The defendant argued that the plaintiff (1) could not allege a specific defect that caused her injury, (2) failed to show that the defendant had notice of the purported defect, and (3) failed to present any experts to attest to the existence of any defect in the carpeting on the stairway.

In response, the plaintiff filed an objection to the

defendant's motion for summary judgment, which was accompanied by a memorandum of law, affidavits from two individuals who also attended the bridal shower, and the full transcript of the plaintiff's deposition. After hearing argument on the defendant's motion, the court rendered summary judgment in favor of the defendant on the basis of its determination that the plaintiff's "amorphous descriptions" of the alleged defect "failed to present sufficient evidence to allow a reasonable jury to conclude that the allegedly defective condition was the proximate cause of her injuries . . . ." This appeal followed.

We begin by setting forth the relevant standard of review. "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material [fact] which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Our review of the decision to grant a motion for summary judgment is plenary." (Internal quotation marks omitted.) *Cuozzo* v. *Orange*, 178 Conn. App. 647, 654–55, 176 A.3d 586 (2017), cert. denied, 328 Conn. 906, 177 A.3d 1159 (2018).

On appeal, the plaintiff argues that the trial court improperly concluded that there was insufficient evidence to raise a genuine issue of material fact that the alleged defect was the proximate cause of the plaintiff's fall. We agree.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . If a plaintiff cannot prove all of those elements, the cause of action fails." (Internal quotation marks omitted.) Id. "To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries. . . . [L]egal cause is a hybrid construct, the result of balancing philosophic, pragmatic and moral approaches to causation. The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . .

"Because actual causation, in theory, is virtually limitless, the legal construct of proximate cause serves to establish how far down the causal continuum tortfeasors will be held liable for the consequences of their

actions. . . . The fundamental inquiry of proximate cause is whether the harm that occurred was within the scope of foreseeable risk created by the defendant's negligent conduct." (Internal quotation marks omitted.) *Malloy* v. *Colchester*, 85 Conn. App. 627, 633, 858 A.2d 813, cert. denied, 272 Conn. 907, 863 A.2d 698 (2004). "[T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be based upon more than conjecture and surmise." (Emphasis omitted; internal quotation marks omitted.) Id., 634.

Moreover, "[t]he issue of proximate causation is ordinarily a question of fact for the trier. . . . Conclusions of proximate cause are to be drawn by the jury and not by the court. . . . It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion; if there is room for a reasonable disagreement, the question is one to be determined by the trier as a matter of fact." (Internal quotation marks omitted.) *Ruiz* v. *Victory Properties, LLC*, 315 Conn. 320, 345, 107 A.3d 381 (2015).

In rendering summary judgment in favor of the defendant, the trial court relied on the reasoning in *Oglesby* v. *Teikyo Post University*, Superior Court, judicial district of New Haven, Docket No. CV-00-0445518-S (September 30, 2002), and *Kubera* v. *Barnes & Noble Booksellers, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-07-5012729 (March 10, 2009), to support the premise that the plaintiff's vague descriptions of the alleged defect and the failure to "[link] up" the defect to the plaintiff's fall would result in a fact finder relying on conjecture to find proximate cause.

In *Oglesby*, the plaintiff was injured after she tripped and fell while walking on a pathway located on property owned by the defendant. *Oglesby* v. *Teikyo Post University*, supra, Superior Court, Docket No. CV-00-0445518-S. The court granted the defendant's motion for summary judgment, finding that the plaintiff failed to establish that her fall was proximately caused by any purported defect on the pathway. The court reasoned that, because the plaintiff stated that she did not know why she fell and failed to provide any supporting evidence as to what proximately caused her fall, no evidence was submitted to establish that her fall was proximately caused by a defect on the pathway. Id. The court further noted that the plaintiff relied solely on her fall and an alleged slope in the pathway without connecting the reason for her fall to the slope or any other objects in the pathway. Id.

In *Kubera*, the plaintiff entered a bookstore and noticed that the café located inside was in disarray with

books all over the tables and scattered tables and chairs. *Kubera* v. *Barnes & Noble Booksellers, Inc.*, supra, Superior Court, Docket No. CV-07-5012729. The plaintiff, who fell while walking down an aisle in the bookstore, stated only that she " 'hit something' " but could not identify the defect because she was looking at a sign. Id. Moreover, the plaintiff specifically acknowledged that none of the disarray she viewed was connected to her fall. Id. The defendant moved for summary judgment, arguing that, "even if the café was in a defective condition at the time of her fall," the plaintiff failed to establish that those conditions caused her fall. Id. In granting the defendant's motion, the court found that the plaintiff failed to show that "the alleged defective condition of the café was the proximate cause of her fall . . . ." Id.

Unlike the plaintiffs in *Oglesby* and *Kubera*, the plaintiff in the present case testified during her deposition that her "heel got caught in the [carpeting on the stairway] because the [carpeting on the stairway] was so uneven." The plaintiff plainly indicated that the reason for her fall was that her heel got caught in the carpeting and, consequently, her shoe remained in the carpeting as she stepped forward while descending the stairs. The deposition transcript further reflects that the plaintiff testified that the carpeting on the stairs felt "squishy," "uneven," "bumpy," "wavy," and "didn't feel secure." Furthermore, the plaintiff also established a genuine issue of a material fact with respect to proximate causation by proffering affidavits from two guests who also attended the bridal shower and used the same stairs on which the plaintiff fell. Kathleen E. Reilly stated in her affidavit that the "carpet that covered the stairway was not tightly affixed to the underlying stair structure" and that "the padding underneath the carpet was unusually thick, spongy, loose and uneven, and as a result, it would be easy for a person's shoe to sink into the carpet and get stuck . . . ." A second guest, Patricia E. Marinelli, averred that "the carpet that covered the stairway was not tightly affixed to the underlying stair structure" and that "the padding underneath the carpet was unusually thick, spongy, loose and uneven, and as a result, it would be easy for a person's shoe to sink into the carpet, get stuck, and/or otherwise hinder a person's ability to walk on the stairs in a normal manner."

The aforementioned evidence allows "room for a reasonable disagreement" as to whether the condition of the carpeting on the stairs was the proximate cause of the plaintiff's injuries. (Internal quotation marks omitted.) *Ruiz* v. *Victory Properties, LLC*, supra, 315 Conn. 345. Construing this evidence in the light most favorable to the plaintiff as the nonmoving party, we conclude that this evidence is sufficient to allow a reasonable jury to conclude that the condition of the stairs proximately caused the plaintiff's injuries.

Moreover, the trial court's characterization of the plaintiff's descriptions of the alleged defect as "amorphous" suggests that it failed to consider the evidence in the light most favorable to her. The defendant argues that the court was correct when it reduced the plaintiff's description of the carpeting's condition to just "squishy" and "not firmly affixed" because the other descriptive terms provided by the plaintiff (i.e., wavy, uneven, bumpy) were all synonymous to "the claim that the [carpeting] was squishy and not firmly affixed to the stairs." The defendant further points to inconsistencies in the plaintiff's description of the carpeting's condition.[3] In suggesting that the court may resolve inconsistencies or the significance of various descriptors in favor of the movant, the defendant misunderstands the legal standard applied to a motion for summary judgment. "[I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) *Cuozzo* v. *Orange*, supra, 178 Conn. App. 655. Accordingly, the evidence must be viewed in the light most favorable to the nonmoving party. For that reason, the singular instance of inconsistency during the plaintiff's deposition testimony cannot be given dispositive weight over the plaintiff's other, largely consistent statements given throughout the deposition. Inconsistencies in a party's deposition testimony typically do not warrant the rendering of summary judgment for the opposing party. Rather, "[t]he usual legal remedy for inconsistent statements by a witness is for the adversary to point them out for purposes of impeaching the witness' credibility" before the trier of fact. *DiPietro* v. *Farmington Sports Arena, LLC*, 123 Conn. App. 583, 617, 2 A.3d 963 (2010), rev'd on other grounds, 306 Conn. 107, 49 A.3d 951 (2012).

When viewed in the light most favorable to the plaintiff, the record clearly presents sufficient evidence to create a triable issue as to whether the condition of the carpeting on the stairs as alleged by the plaintiff factually and proximately caused the plaintiff's injuries. Accordingly, a genuine issue of a material fact exists as to causation. On the basis of our plenary review of the record, we conclude that the trial court improperly rendered summary judgment in favor of the defendant.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary judgment and for further proceedings according to law.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The restaurant is located at 1212 Main Street in Branford. The defendant operates the restaurant but leases the building from the owner, HB Nitkin.

Pursuant to the terms of that lease, the defendant has "total possession and control of the interior" of the restaurant.

[2] The parties used the terms "carpeting" and "rug" interchangeably in their documents and depositions. For purposes of consistency, we use the term "carpeting" throughout this opinion.

[3] The following exchange occurred between the defendant's counsel and the plaintiff during the plaintiff's deposition:

"Q. Would you say the carpeting was loosely affixed to the stairway?

"A. Yeah. To me it was loose under my feet, yes.

"Q. Was the carpeting uneven, or was it flat?

"A. It was flat, but it was—when you went down, it was squishy, and moved.

"Q. Okay. But it wasn't uneven?

"A. No."

The defendant asserts that this portion of the testimony is inconsistent with the plaintiff's earlier assertions when she stated that the carpeting on the stairs was uneven.

—————————————————————